

FILED
AUG 1 3 2007

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SHIRLEY WOLD f/k/a Shirley Peterson,<br><br>Plaintiff,<br><br>vs.<br><br>LANOGA CORPORATION, d/b/a<br>UNITED BUILDING CENTERS,<br><br>Defendant. | Civ. No. 07-4113<br><br><br>COMPLAINT |

Plaintiff brings this action for damages and other legal and equitable relief from Defendant's violations of laws proscribing sex discrimination in employment, and states the following as her claims against the Defendant:

## JURISDICTION

1. SHIRLEY WOLD ("Plaintiff), a former employee of LANOGA CORPORATION d/b/a UNITED BUILDING CENTERS (UBC), brings this action under Title VII of the Civil Rights Act of 1964, the provisions of the Civil Rights Act of 1866.

2. Plaintiff also brings this action under SDCL § 20-13-10.

3. On or about March 12, 2006, Plaintiff timely submitted a Charge of Discrimination against UBC on the basis of retaliation to the U.S. Equal Employment Opportunity Commission (EEOC).

4. A Notice of Right to Sue was issued by the EEOC on June 25, 2007. A copy of this Notice is attached as Exhibit "A" and incorporated herein by reference.

5. This court has jurisdiction pursuant to 42 U.S.C. §§ 2000e and 1983, and 28 U.S.C. § 1343. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

6. Venue for all causes of action stated herein lies in the Southern Division of the District of South Dakota as the acts alleged as a basis for federal claims took place within the boundaries of that District.

## PARTIES

6. Plaintiff was an adult female employee of UBC at all times material hereto and a resident of Brookings County, South Dakota. UBC is an employer within the State of South Dakota and within the jurisdictional coverage of Title VII of the Civil Rights Act.

## FACTS

7. Plaintiff began her employment with UBC in July, 1993 as an office coordinator.

8. UBC is located at 3200 East 6th Street in Brookings, South Dakota.

9. The manager of UBC, Todd Magstadt ("Magstadt"), was at all times material hereto, Plaintiff's supervisor.

10. Magstadt repeatedly made romantic advances toward Plaintiff, which Plaintiff repeatedly rejected.

11. Eventually, however, Plaintiff gave in to Magstadt's advances, and Magstadt began having a sexual affair with Plaintiff in April, 2001.

12. Plaintiff attempted to end the affair many times, but was afraid Magstadt would terminate her if she ended the affair. Magstadt responded to Plaintiff's suggestions to end the affair violently by throwing items around the office, swearing, and slamming doors

13. During the affair, Magstadt would often spend the lunch break having sexual or romantic trysts with Plaintiff. During this time period, the lunch breaks often extended beyond the one hour period normally allotted to Defendant's employees for a lunch break. In those instances, Magstadt either personally altered Plaintiff's time records, or instructed Plaintiff to do so, in order to show that Plaintiff had only taken one hour for a lunch break.

14. In January of 2005, Plaintiff ended the affair with Magstadt.

15. After the affair ended, Magstadt began to take job responsibilities away from Plaintiff and gave them to the other office coordinator.

16. Magstadt often yelled at Plaintiff and did not permit her lunch time to be used for personal appointments, as Magstadt had allowed during the affair, and as he allowed for other employees.

17. Plaintiff had in previous years usually taken the day after Christmas as a vacation day. However, Magstadt denied Plaintiff a vacation day on December 26, 2005, which Magstadt had permitted Plaintiff to take during their affair, and which he allowed to other employees at UBC.

18. Magstadt also denied commission sales to Plaintiff. When confronted by Plaintiff about this, Magstadt responded that he could do anything he wanted.

19. Plaintiff informed Magstadt's supervisor, Art Karsky, of Magstadt's behavior immediately following an incident where Magstadt threw items at Plaintiff and swore at her. Plaintiff asked Karsky not to tell Magstadt of her reporting of Magstadt's behavior. Karsky nevertheless told Magstadt of Plaintiff's report. Magstadt responded by inviting Plaintiff into his office to yell at her and warn her to never call Karsky again.

20. After Thanksgiving in 2005, Magstadt rearranged Plaintiff's office so that her desk faced the wall and her back faced the door. Magstadt informed Plaintiff that this was done so he would not have to look at Plaintiff anymore.

21. On December 25, 2005, Magstadt asked Plaintiff for a kiss and Plaintiff refused and after December 26, 2005, Plaintiff was on vacation from work for one week.

22. On January 4, 2006, Plaintiff adjusted her computerized time clock to reflect the amount of time she had actually worked that day.

23. That afternoon, Magstadt noticed that Plaintiff had not punched out for a lunch break and informed her he had been waiting for her to make any type of mistake. Magstadt reported to UBC's corporate office that Plaintiff had falsified her time records, and then advised Plaintiff on that day that her employment was terminated.

24. As a result of the termination of Plaintiff's employment with UBC, Plaintiff has suffered significant lost income and benefits.

## COUNT ONE

## RETALIATION PURSUANT TO 42 U.S.C. § 2000e-3(a)

25. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count.

26. Plaintiff repeatedly opposed Magstadt's romantic and sexual advances and ultimately ended her affair with Magstadt in January, 2005.

27. As a direct result of Plaintiff's engaging in her federally-protected right to oppose practices that she reasonably believed constituted violations of Title VII, adverse action was taken against Plaintiff by Magstadt as previously averred, and Plaintiff was eventually terminated from employment of Defendant in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

28. The unlawful employment practices of Defendant complained of above were intentional.

29. The unlawful employment practices averred above were done with malice or with reckless indifference to the federally protected rights of the Plaintiff.

30. Because Defendant's conduct, through its agents, was intentional and was taken with malice and/or intentional or reckless indifference toward Plaintiff's right to be free from severe emotional distress, Plaintiff is entitled to punitive damages.

## COUNT TWO

### VIOLATION OF SDCL 20-13-10

31. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count.

32. Defendant, through the actions of Magstadt, treated Plaintiff adversely as previously averred, and Plaintiff was eventually terminated from employment of Defendant based on her opposition to practices that she reasonably believed constituted violations of SDCL 20-13-10, all in violation of SDCL § 20-13-10.

33. The unlawful employment practices of Defendant complained of above were intentional.

34. The unlawful employment practices complained of above were done with malice or with reckless indifference to the statutorily protected rights of the Plaintiff.

## DEMAND FOR JURY TRIAL

35. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests trial by jury of the issues of fact in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

- A. For compensatory damages including but not limited to any past, present and future loss of income, including loss of benefits, loss of career development, loss of future earning capacity, humiliation, embarrassment, and loss of reputation

- B. For punitive damages for the willful and wanton injury to Plaintiff as a result of Defendant's conduct toward Plaintiff as alleged herein, in an amount to determined at trial;

- C. For an order of the Court awarding Plaintiff her back pay, front pay, attorney fees, costs, and disbursements incurred herein as allowed by law; and

- D. For such other and further relief as the Court deems just and equitable.

Dated this 7th day of August, 2007.

LYNN, JACKSON, SHULTZ & LEBRUN, P.C.

_____
Richard D. Casey
Attorneys for Plaintiff
P.O. Box 1920
Sioux Falls, SD 57101-3020
Phone: (605) 332-5999